UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEGAN WINFREY, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-448 |
| | § | |
| LENARD JOHNSON | § | |

### DEFENDANT JOHNSON'S RESPONSE TO PLAINTIFF'S MOTION TO SET TRIAL DATE

Defendant Lenard Johnson provides his response to Plaintiff Megan Winfrey's motion to set trial date (Doc. No. 100) for the following reasons:

### ARGUMENT AND AUTHORITIES

**1. Pending Petition for Writ of Certiorari**

1. Deputy Johnson expressly asserted qualified immunity from suit and liability through a pre-trial dispositive motion. The district court entered judgment in favor of Deputy Johnson but the United States Court of Appeals for the Fifth Circuit reversed, in part, the district court judgment. Deputy Johnson filed a petition for writ of certiorari that is pending before the Supreme Court.

2. Deputy Johnson opposes Plaintiff's premature motion to schedule trial before the Supreme Court has had an adequate opportunity to consider Deputy Johnson's immunity before trial. *See Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534 (1991) (per curiam); *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986). If the Supreme Court does not grant Deputy Johnson's petition or the Supreme Court denies Deputy Johnson's pretrial claim of immunity, Deputy Johnson will join the Plaintiff asking that trial be scheduled but

1

the Supreme Court has not done either yet. Deputy Johnson does not oppose the court *tentatively* scheduling the case for trial, subject to Supreme Court action, provided the case is not called to trial until after the Supreme Court rules on the petition.

## 2. The Court should consolidate this case and its companion case for trial.

3. Additionally, Deputy Johnson opposes setting this case for trial until the companion case *Richard Winfrey, Jr. v. San Jacinto County et al*, 4:10-cv-1896 (S.D. Tex. 2010) is consolidated for trial. The issues in both cases are the same and there is no legitimate basis for two trials of the same claims arising from the same operative facts.

4. Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions that involve a common question of law or fact. FED. R. CIV. P. 42(a). "Consolidation does not merge the suits into a single action or change the rights of the parties; rather, consolidation is 'intended only as a procedural device used to promote judicial efficiency and economy' and 'the actions maintain their separate identities.'" *Hampton v. Mar. Ass'n Int'l Longshoreman Ass'n Pension Ret. Welfare & Vacation Funds*, No. 3:15-CV-247, 2017 U.S. Dist. LEXIS 62726, at *3 (S.D. Tex. 2017) (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993)).

5. Courts consider several factors in determining whether consolidation is appropriate) All of which compel the consolidation of these two cases for trial: (1) same court, (2) common parties, (3) common questions of law or fact, (4) risk of prejudice or confusion versus risk of inconsistent adjudications, (5) judicial economy. *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015) (citing *Frazier*, 980 F.2d at 1531). It is also appropriate to consider the relative stage at which the cases are in the corresponding

proceedings. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1985). "The Fifth Circuit has urged district judges 'to make good use of Rule 42(a) in order to expedite . . . trial and eliminate unnecessary repetition and confusion,' even when opposed by the parties." *Parker*, 126 F. Supp. 3d at 835 (quoting *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977)).

6. All of these considerations weigh strongly in favor of consolidating this case with its companion case. In September 2019, both cases were reassigned to the same presiding judge. (Doc. No. 98); Order Transferring Case, *Richard Winfrey, Jr.*, 4:10-cv-1896 (S.D. Tex. September 24, 2019) (Doc. No. 169). Both plaintiffs have a single claim against Deputy Johnson, an alleged Fourth Amendment violation brought under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978). The relevant question is "whether [Deputy] Johnson acted recklessly, knowingly, or intentionally by omitting and misrepresenting material facts in his affidavit when seeking an arrest warrant." *Winfrey v. Johnson*, 766 F. App'x 66, 71 (5th Cir. 2019). The district court and circuit court have held the content of the two warrant applications at issue are identical and the Fifth Circuit recently explained, "Megan's Fourth Amendment claim is nearly identical to that brought by Junior, with a few factual distinctions." *Id.* at 69. The Fifth Circuit held that Deputy Johnson was barred on appeal from "relitigating issues" in Megan Winfrey's case that were decided in Richard Winfrey Jr's case. *Id.* The Fifth Circuit's application of its rule of orderliness to these companion cases clearly demonstrates that the cases should not be separated into different trials.

7. A jury would easily distinguish any minor factual differences, such as the inclusion of a mistaken drop-trail scent in Junior's warrant affidavit and the inclusion of statements from

3

teachers about Megan, her relationship with the victim, and her possible propensity for violence in Megan's warrant affidavit. *See id.* at 71. Thus, there is no risk of confusion or prejudice in consolidating the cases. To the contrary, both cases are so intimately linked that trying them together would provide helpful context for a jury. This would in turn reduce the likelihood of inconsistent adjudications of virtually identical claims.

8. Finally, consolidating the cases will promote judicial economy. Both cases are at the same stage in their respective proceedings. The Fifth Circuit remanded each action with only one surviving claim, and the Court has not set a trial date in either case. Moreover, the resolution of each case will largely depend on testimony, which will be substantially similar in regard to both claims. Repeating nearly identical testimony in two separate jury trials would be duplicative and wasteful. Consolidation of these closely related cases will save the Court, the parties, and potential venirepersons significant time and resources.

## CONCLUSION AND PRAYER

For these reasons, Deputy Johnson requests the Court deny Plaintiff's motion to prematurely schedule trial. (Doc. No. 100).

                Respectfully submitted,

By: */s/Norman Ray Giles*
     WILLIAM S. HELFAND
     Attorney-in-charge
     SBOT: 09388250
     NORMAN RAY GILES
     SBOT: 24014084

OF COUNSEL:
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone:  (713) 659-6767
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to Plaintiff in accordance with the District's ECF service rules on this 2nd day of October, 2019:

***Via CMRRR***
Elizabeth Wang
LOEVY & LOEVY
2060 Broadway St., Suite 460
Boulder, CO  80302

Jon Loevy
Gayle Horn
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL  60607

*/s/ Norman Ray Giles*
Norman Ray Giles